## ROBINSON v. WOOD.

### (Supreme Court, General Term, First Department.　June 26, 1891.)

1. SUPPLEMENTARY PROCEEDINGS—RECEIVERS—ILLEGAL ACTS.

S. conveyed certain premises to M., which defendant, alleging the conveyance to have been in fraud of creditors, took possession of against M.'s will, as receiver in supplementary proceedings on judgments against S., without legal proceedings for that purpose. Plaintiff paid off those judgments, and, with defendant's consent, received a deed to the premises from M. Thereafter defendant procured an extension of his receivership to other judgments, and proceeded to dispossess plaintiff of the property. *Held*, in an action to restrain defendant's proceedings, that his authority was illegal in its inception, the deed from S. to M. never having been adjudged invalid, and that an injunction was properly granted plaintiff.

2. SAME—COSTS—PERSONAL LIABILITY OF RECEIVER.

In such case, defendant, besides illegally seizing the premises, having caused himself to be appointed receiver in proceedings supplementary to execution before the recovery of judgment, was properly charged personally with the costs of the action.

Appeal from special term.

Action by Thomas J. Robinson against Arthur E. Wood. From a judgment for plaintiff, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Byram L. Winters,* (*Charles B. Meyer,* of counsel,) for appellant. *Arnold & Greene,* for respondent.

VAN BRUNT, P. J. This action was brought to restrain the defendant from interfering with the plaintiff's possession and enjoyment of certain real estate in the city of New York. It appeared upon the trial that the premises in question were originally owned by one Susan Sullivan, who conveyed them in April, 1889, to her aunt Annie Moriarty for the expressed consideration

of $1,000, and subject to incumbrances amounting to $257,000. This deed was recorded in the following December. On the 5th of December, and before the recording of the deed, the defendant was appointed by the city court of New York receiver of the rents and profits of the premises in question, in proceedings supplementary to execution upon judgments recovered against the Sullivans in the Twelfth Ward Bank in July and October, 1889. The defendant thereupon, claiming that the conveyance to Annie Moriarty by Susan Sullivan was fraudulent as against subsequent creditors of Susan Sullivan, obtained possession of the premises, and collected rents from some of the tenants, for a certain period of time. The receivership of the defendant was subsequently extended to other judgments. The receiver obtained possession without any legal proceedings against Annie Moriarty, and without her consent, and against her will. She endeavored by an application on motion to the city court to obtain an order forbidding him to interfere with her property. This motion was denied, with leave, however, to take such other proceedings to establish her rights as she might be advised. Owing to certain arrangements for the compromise of the debts of the Sullivans, and by and with the consent of the receiver, Annie Moriarty delivered to the plaintiff a deed of the premises, which was accepted and recorded by the plaintiff in January, 1890, at which time the plaintiff entered into possession of the premises, and thereafter remained continuously in possession of the same down to the time of the commencement of this action. The plaintiff paid to the receiver the entire balance due on the judgments then represented by the defendant as such receiver, together with his commissions, expenses, and counsel fees, whereupon the receiver presented his account to the court, and on the 27th of January, 1890, an order was made passing his accounts, discharging him as such receiver, and releasing the sureties upon his bond with respect to each and all of said judgments. The plaintiff accepted said deed, and entered into possession of the premises, and paid all of said claims upon the faith of statements made previous to the acceptance of the deed, by the attorney for such receiver, that said claims were the only claims known to said receiver, and that upon payment thereof the same would be duly discharged, and the plaintiff's possession of said premises would not be disturbed by said receiver. On the 22d of January an order had been entered extending the receivership to another judgment; on the 24th of January the receivership was further extended to another judgment; on the 28th to another; and on the 31st of January to another; and on the 3d of February the receivership was extended over a claim upon which judgment had not been rendered, and which was still at issue. None of the papers on which these last three orders were obtained disclosed the fact that the receiver had accounted and been discharged. All the judgments that existed prior to the delivery of the deed to the plaintiff, and also certain subsequent judgments, were paid in full. The defendant, under the claim of authority under the appointments made subsequent to the delivery of this deed, demanded rent from the plaintiff's tenants, sent notices to them, and finally commenced summary proceedings to dispossess them in the district court. Upon this the plaintiff commenced this action, after having procured leave from the court in which the receiver was originally appointed, for an injunction to restrain the action of the defendant.

The facts of this case show the most remarkable instance of illegal usurpation upon the part of a person who claimed to be an officer of the court that has ever come under our observation. Without any adjudication establishing the invalidity of the deed from the Sullivans to Moriarty, the receiver takes possession of her property, under an order of the court directing him to do so, it is true, but which the court had not the slightest authority to make, as in supplementary proceedings against the Sullivans the validity of conveyances by them to parties not before the court could not be adjudicated upon,

and that was what was attempted to be done by the order in question. We further find that this defendant went so far as to procure himself to be appointed receiver in an action in the court of common pleas before there had been any judgment,—a receiver in supplementary proceedings before judgment! This certainly was, prior to this, an unheard-of procedure. And according to the findings of the learned court, which were fully borne out by the evidence, the whole course of the defendant was characterized by fraud and deceit, and representations made in regard to the amount of debts which were known at the time to be untrue.

It is claimed upon the part of the appellant that the plaintiff was not in possession of the premises, but that the receiver was. The learned court has found, upon sufficient evidence, that the plaintiff went into possession of these premises by and with the consent of the defendant; and the question as to whether these conveyances were made with intent to hinder, delay, and defraud creditors cannot be considered in this action. The claim that the deed to Robinson was absolutely void, and that he could acquire no rights thereunder which entitled him to maintain this action, is entirely without foundation. The court found, upon proper evidence, that the premises were not held adversely, but that possession was surrendered to Robinson by the defendant. The claim that, when the court directs its receiver to take possession of property, it will not permit him to be sued by one claiming the property, is certainly somewhat startling. In the case at bar the court had no jurisdiction whatever to make the order directing him to take possession; the title to the property being in somebody other than the judgment debtor. Upon the whole case, therefore, there seems to be no reason whatever to interfere with the judgment rendered. The interference of the defendant with the possession of this plaintiff was absolutely inexcusable and in bad faith, and he was therefore rightly charged personally with costs. The judgment should be affirmed, with costs. All concur.